IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/<br>　　　　　Respondent,<br><br>　　vs.<br><br>JOSEPH ANTHONY HERNANDEZ,<br><br>　　　　　Defendant/<br>　　　　　Petitioner. | No. CR-F-07-079 OWW<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR EXTENSION OF TIME<br>AND MOTION FOR APPOINTMENT<br>OF COUNSEL |

　　Petitioner Joseph Anthony Hernandez, proceeding *in pro per*, has filed a motion for extension of time and a motion for appointment of counsel.

　　Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 77 months incarceration. Petitioner's conviction and sentence were affirmed by the Ninth Circuit by judgment entered on March 31, 2009.

　　Petitioner's motions do not specify the reason for the

extension of time and appointment of counsel.  The Court assumes that Petitioner intends to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner's motion for an extension of time is DENIED. Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period for a federal prisoner commences when the availability of appeal has exhausted and the time for a petition for certiorari has elapsed or a petition for certiorari finally denied.  *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir.2000), citing *Griffith v. Kentucky*, 479 U.S. 314 (1987).  Petitioner makes no showing that he will be unable to file a Section 2255 motion within the one year limitation period.

**Petitioner has no right to appointed counsel in connection with a Section 2255 motion.** *See United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). **The Court does not consider appointing counsel until a Section 2255 motion has been filed and all briefing is complete, absent a strong showing of likelihood of success on the merits of petitioner's claims and an inability by petitioner to articulate his claims in light of the complexity of the legal issues involved. Petitioner makes no such showing. Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

**Dated:   October 15, 2009**                      /s/ Oliver W. Wanger
                                                                  UNITED STATES DISTRICT JUDGE