1  DANIEL PRADO
   Law Office of Daniel Prado
2  SBN: 276065
   210 S. Mooney Blvd. Ste. A
3  Visalia, CA 93291

4  Phone: (559) 732-6431

5  Attorney for Defendant
   Joseph Hernandez
6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          CASE NO.  1:07-CR-00079-NONE-SKO
   |                                              1:21-CR-00251-DAD-BAM
   |                    Plaintiff,
12 |                                    STIPULATION TO CONTINUE STATUS
   |            v.                      CONFERENCE, FINDINGS AND ORDER
13 |
   | JOSEPH HERNANDEZ,                  DATE: February 15, 2022
14 |                                    TIME: 2 p.m.
   |                    Defendant.      COURT: Hon. Erica P. Grosjean
15

16         This case is set for status conference on February 15, 2022.  On May 13, 2020, this Court issued
17
   General Order 618, which suspends all jury trials in the Eastern District of California until further
18
   notice.  This General Order was entered to address public health concerns related to COVID-19.
19
   Further, pursuant to General Order 614, 620, 624, 628, and 630 and the CARES Act, this Court's
20
   declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's
21
   Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district
22
   judges to continue all criminal matters to a date after May 1, 2020.[1]
23
           Although the General Order addresses the district-wide health concern, the Supreme Court has
24
   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
25
   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
26

27
   _____
28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME                    1
   PERIODS UNDER SPEEDY TRIAL ACT

1    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

3    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4    judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

5    orally or in writing").

6          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

11   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

12   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24         In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27   _____

28         [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

3                                                      **STIPULATION**

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6         1.       By previous order, this matter was set for status on February 15, 2022.

7         2.       By this stipulation, defendant now moves to continue the status conference until March

8    29, 2022, at 2:00 pm before the Duty Magistrate, and to exclude time between February 15, 2022, and

9    March 29, 2022, under Local Code T4.

10        3.       The parties agree and stipulate, and request that the Court find the following:

11             a)      The government has represented that the discovery associated with this case has

12        been either produced directly to counsel and/or made available for inspection and copying.

13             b)      Counsel for defendant desires additional time to consult with his client, discuss

14        case resolution, check with other courts regarding possible charges, and review the discovery.

15             c)      Counsel for defendant believes that failure to grant the above-requested

16        continuance would deny him/her the reasonable time necessary for effective preparation, taking

17        into account the exercise of due diligence.

18             d)      The government does not object to the continuance.

19             e)      In addition to the public health concerns cited by General Order 611 and

20        presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

21        this case because Counsel or other relevant individuals have been encouraged to telework and

22        minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

23        contact should the hearing proceed.

24             f)      Based on the above-stated findings, the ends of justice served by continuing the

25        case as requested outweigh the interest of the public and the defendant in a trial within the

26        original date prescribed by the Speedy Trial Act.

27             g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

28

STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT

1   et seq., within which a hearing must commence, the time period of February 15, 2022 to March

2   29, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local

3   Code T4] because it results from a continuance granted by the Court at defendant's request on

4   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

5   best interest of the public and the defendant in a speedy trial.

6         4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

7   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

8   must commence.

9         IT IS SO STIPULATED.

10   Dated:  February 9, 2022                /s/ DANIEL PRADO

11                                         DANIEL PRADO

Counsel for Defendant

12                                         JOSEPH HERNANDEZ, JR.

13

14   Dated:  February 9, 2022                PHILLIP A. TALBERT

United States Attorney

15                                       /s/ LAUREL J. MONTOYA

16                                       LAUREL J. MONTOYA

Assistant United States Attorney

17

18   **FINDINGS AND ORDER**

19         Based on the parties' stipulation, the Court continues the status conference until March 29, 2022,

20   at 2:00 pm before the Duty Magistrate Judge, and excludes time between February 15, 2022, and March

21   29, 2022, under Local Code T4 because the ends of justice served by taking such action outweigh the

22   interest of the public and the defendant in a speedy trial.

23

IT IS SO ORDERED.

24

25   Dated:  **February 9, 2022**            /s/ _Errin P. Gross_

                                   UNITED STATES MAGISTRATE JUDGE

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME      4
PERIODS UNDER SPEEDY TRIAL ACT