PHILLIP A. TALBERT
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorney
Robert E. Coyle Federal Courthouse
2500 Tulare Street
Fresno, CA 93721

(559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:07-CR-00079-NONE-SKO |
| --- | --- |
| Plaintiff, | 1:21-CR-00251-DAD-BAM |
| v. | STIPULATION TO CONTINUE STATUS CONFERENCE, ORDER THEREON |
| JOSEPH HERNANDEZ, JR., | DATE: June 21, 2022 |
| Defendant. | TIME: 2 p.m. |
| | COURT: Hon. Erica P. Grosjean |

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 614, 620, 624, 628, and 630 and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*
2  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
3  judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either
4  orally or in writing").

5        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
6  and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial
7  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the
8  judge granted such continuance on the basis of his findings that the ends of justice served by taking such
9  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §
10 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the
11 case, either orally or in writing, its reason or finding that the ends of justice served by the granting of
12 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

13       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."
14 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address
15 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has
16 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-
17 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d
18 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.
19 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to
20 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).
21 The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated
22 by the statutory rules.

23       In light of the societal context created by the foregoing, this Court should consider the following
24 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
25 justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

---

27     [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
28 Cal. March 18, 2020).

for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 21, 2022.

2. By this stipulation, defendant now moves to continue the status conference until August 30, 2022, and to exclude time between June 21, 2022, and August 30, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to consult with his client, discuss case resolution, check with other courts regarding possible charges, and review the discovery.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

    f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which a hearing must commence, the time period of June 21, 2022 to August 30, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 16, 2022                                    PHILLIP A. TALBERT
                                                         United States Attorney


                                                         /s/ LAUREL J. MONTOYA
                                                         LAUREL J. MONTOYA
                                                         Assistant United States Attorney


Dated:  June 16, 2022                                    /s/ DANIEL PRADO
                                                         DANIEL PRADO
                                                         Counsel for Defendant
                                                         JOSEPH HERNANDEZ, JR.


### FINDINGS AND ORDER

The Court grants the parties' stipulation and orders the Status Conference set for 6/21/2022 CONTINUED to 8/30/2022 at 2:00 pm before the Duty Magistrate. The Court further orders time excluded as referenced above.

IT IS SO ORDERED.

Dated:   **June 16, 2022**                               /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE